**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| ANTONIO LEROY, MELANIE THOMAS, Individually and as Representatives of a Class, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No. 1:09-CV-79 (WLS) |
| IMS MANAGEMENT SERVICES, LLC | : : | |
| Defendant. | : : | |
| _____ | : | |

## ORDER

Presently pending before the Court is Defendant's Motion to Dismiss or in the Alternative Remand to State Court of Dougherty County (Doc. 5). For the following reasons, Defendant's Motion to Dismiss or in the Alternative Remand to State Court of Dougherty County (Doc. 5) is **GRANTED**.

## BACKGROUND

Plaintiffs brought this action pursuant to the Due Process and Equal Protection clauses of the Fourteenth Amendment to the Constitution of the United States, 42 U.S.C. § 1981 ("section 1981" or "§ 1981"), 42 U.S.C. § 1982 ("section 1982" or "§ 1982"), the Fair Housing act of 1968, 42 U.S.C. § 3603, *et seq.*, due process constitutional provision of the state of Georgia, and Georgia breach of contract law. Plaintiffs seek to maintain a class action, on behalf of themselves and others with lease agreements with Defendant, for Defendant's alleged breach of the terms of their lease agreements. Plaintiffs contend that Defendant was to be solely responsible for water and sewage pursuant to their lease agreements, but Defendant unilaterally breached the agreements and required Plaintiffs to assume the costs of water and sewer.

1

Defendant filed the instant motion to dismiss (Doc. 5), contending that no federal question is

presented and Plaintiffs cannot meet class action requirements.

### STANDARD OF REVIEW

Defendant relies on Federal Rule of Civil Procedure 12(b)(1), which provides in pertinent

part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a
> claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the
> responsive pleading thereto if one is required, except that the following defenses
> may at the option of the pleader be made by motion . . . (1) lack of subject-matter
> jurisdiction . . . .

Fed. R. Civ. P. 12(b)(1).  "Subject-matter jurisdiction cannot be forfeited or waived."  Ashcroft

v. Igbal, 129 S. Ct. 1937, 1945 (2009).  This Court determines the legal effect of motions by the

motion's substance; therefore, based upon the substance of Defendant's motion, the same is also

appropriately reviewed under Fed. R. Civ. P. 12(b)(6).[1]  Rule 12(b)(6) requires dismissal of a

plaintiff's complaint where the plaintiff has failed to "state a claim upon which relief can be

granted."  A motion to dismiss a plaintiff's complaint, or a portion thereof, under Federal Rule of

Civil Procedure 12(b)(6) should not be granted unless Plaintiff fails to plead enough facts to state

a claim to relief that is plausible, and not merely just conceivable, on its face.  Bell Atlantic

Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).[2]  "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

---

[1]    "When a 12(b)(1) motion to dismiss for lack of jurisdiction 'implicate[s] the merits of [the case,' the Court
must treat the motion under the Rule 12(b)(6) or Rule 56 standard."  FPL Food, LLC v. Connor, No. CV
107-154, 2009 U.S. Dist. LEXIS 105720, *1, *16 n.3 (S.D. Ga. Nov. 12, 2009) (quoting Morrison v.
Amway Corp., 323 F.3d 920, 923-24 (11th Cir. 2003)).  Accordingly, the Court utilizes the 12(b)(6)
standard articulated forthwith.

[2]    Notwithstanding the fact that Bell Atlantic Corp. was an antitrust case, the Supreme Court discussed the pleading
requirements necessary to survive a motion to dismiss generally.  See Bell Atlantic Corp., 127 S. Ct. at 1968.  In that
vein, the Court specifically discussed the erroneous citation by many lower Courts of its decision in Conley v. Gibson,
355 U.S. 41 (1957), wherein the Court stated that "a complaint should not be dismissed for failure to state a claim
unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle
him to relief."  The Bell Atlantic Corp. Court noted, in a detailed discussion, that any standard of analysis for a motion
to dismiss established upon the "no set of facts" language in isolation is incorrect. Bell Atlantic Corp., 127 S. Ct. at
1968.  Accordingly, the Court went on to establish the now applicable "plausibility" standard.

2

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (Citation omitted). *Id.* at 1964-65 (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994)). Accordingly, "[a]t the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999).

The Supreme Court recently reaffirmed pleading standards enunciated by Twombly: "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. Finally, the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low[, but not nonexistent]." *See* Ancata v. Prison Health Servs. Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quotation and citation omitted).

## DISCUSSION

Whether or not federal question jurisdiction is presented is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *See* Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). The face of Plaintiffs' Complaint (Doc. 1) reveals that Plaintiffs cite federal laws; however, the Court reviews each allegation herein to determine whether Plaintiffs meet the low threshold to state a claim. Ancata, 769 F.2d at 703.

## I.   Fourteenth Amendment

Plaintiffs Complaint (Doc. 1) seeks relief pursuant to the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution.   The Fourteenth Amendment provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No **State** shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any **State** deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U. S. Const. amend XIV, § 1. (emphasis added).  Plaintiffs' Complaint (Doc. 1) makes no reference to state actors (or action), and its contents request relief for improper conduct perpetrated only by a private party, Defendant.  Thus, Plaintiffs cannot establish a federal constitutional violation based upon their Complaint.

## II.   Section 1981

Section 1981 grants a federal right to all persons in the United States to "make and enforce contracts …as is enjoyed by white citizens."  42 U.S.C. § 1981.  Thus, § 1981 is designed to remedy discrimination based on race (color) and/or ethnicity (alienage).   To establish a § 1981 violation, a plaintiff must allege "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in Section 1981." Kinnon v. Arcoub, Gopman & Assoc., Inc., 490 F.3d 886, 891 (11th Cir. 2007).  Plaintiffs' Complaint (Doc. 1) makes no allegation that Defendant's improper breach of their lease agreements were based upon race; indeed, Plaintiffs' Complaint discloses neither the race of Plaintiffs nor putative class members.  Thus, Plaintiffs cannot establish a § 1981 violation based upon their Complaint.[3]

---

[3]    Plaintiffs only descriptive information about themselves, other than renters who entered into lease

### III.    Section 1982

Section 1982 grants a federal right to all citizens of the United States to "inherit, purchase, lease, sell, hold, and convey real and personal property" as "is enjoyed by white citizens." 42 U.S.C. § 1982.  To establish a § 1982 claim based upon equal protection, a plaintiff must show intentional discrimination based on race. *See* Jackson v. Okaloosa County, 21 F.3d 1531, 1543 (11th Cir. 1994).  Plaintiffs' Complaint (Doc. 1) also fails to allege intentional discrimination based upon race, and similarly fails as in the § 1981 analysis.  Thus, Plaintiffs' Complaint (Doc. 2) cannot establish a § 1982 violation.

### IV.    Fair Housing Act of 1968

The Fair Housing Act of 1968, 42 U.S.C. § 3603, *et seq.*, prohibits discrimination "against any person in the terms … sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).  Although a plaintiff proceeding pursuant to the Fair Housing Act need not allege intentional discrimination, that plaintiff must demonstrate "unequal treatment on the basis of race that affects the availability of housing." Jackson, 21 F.3d at 1542.  Plaintiffs make no allegation that they were discriminated against on the basis of any protected trait.[4] Accordingly, Plaintiffs also fail to state a claim pursuant to the Fair Housing Act.

### V.    Georgia state law claims

Since the Court finds that each of Plaintiffs' federal claims must be dismissed, the Court declines to exercise pendant jurisdiction over Plaintiffs' remaining state law claims. 28 U.S.C. 1367(c)(3).  Therefore, Plaintiffs' state law claims are also properly dismissed without prejudice

---

agreements with Defendant, refers to Plaintiff Leroy, who is a single father of two boys, and Plaintiff Melanie Thomas, a female.

[4]    The naked reference to Plaintiff Leroy's status as a single father of two boys is uncoupled with any allegation of his unfair treatment by Defendant on the basis of that status. (Doc. 1).

in that the Court has not considered the merits and declines to do so.  Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999).[5]

## VI.    Class claims

Plaintiffs' class claims purportedly rely upon their asserted federal causes of action analyzed herein.  Since the Court finds that Plaintiffs fail to state a claim upon which relief can be granted, their federal class claims, upon which they base jurisdiction in this Court, *a fortiori* fail.

The Court finds that despite its acceptance of the facts alleged in Plaintiffs' Complaint (Doc. 1) as true, Plaintiffs' Complaint (Doc. 1) does not state a claim pursuant to federal law upon which relief may be granted.[6]  *See* Bryant, 187 F.3d at 1274 n.1.  Accordingly, Defendant's Motion to Dismiss or in the Alternative Remand to State Court of Dougherty County (Doc. 5) is **GRANTED**.[7]

## CONCLUSION

Accordingly, for the foregoing reasons, Defendant's Motion to Dismiss or in the Alternative Remand to State Court of Dougherty County (Doc. 5) is **GRANTED**.[8]  Plaintiffs' Complaint (Doc. 1) is **DISMISSED**.

**SO ORDERED**, this 9th day of February, 2010.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**

---

[5]    The Court need not construe Defendant's additional grounds for relief in view of its finding that dismissal of Plaintiffs' Complaint (Doc. 1) is warranted.

[6]    Plaintiffs do not even attempt a "formulaic recitation" of the elements of the causes of action as contemplated by Iqbal. 129 S. Ct. at 1949.  Nevertheless, a rote recitation, standing alone, would also necessitate dismissal.  *See* id.

[7]    The Court does not conclude that Plaintiffs sought to disguise an ordinary state breach of contract claim as a pernicious, discriminatory housing action warranting federal relief.

[8]    The instant action was not removed to this Court from a state court, but was instituted by Plaintiffs on the basis of federal question jurisdiction; accordingly, the Court lacks power to remand.  *See generally* 28 U.S.C. §§ 1331; 1332; 1446.